**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PHILLIP C. WARFIELD,
WARFIELD PROPERTIES, INC.,

      **Plaintiffs,**

v.                                                             No. 10-CV-127 KBM/WDS

THE CITY OF LAS VEGAS,
the governing body of Las Vegas,
TONY MARQUEZ JR., ANDREW
FELDMAN, AND DIANE MOORE,
in their respective official and
individual capacities,

      **Defendants.**

<u>**MOTION TO DETERMINE JURISDICTION**</u>

      COME NOW the Plaintiffs in the above captioned matter by and through their attorney of record Basham & Basham, P.C. (Mark a. Basham) and move this Court for a determination of the Court's jurisdiction and as grounds therefore further state as follows:

<u>**PROCEDURAL POSTURE**</u>:

      This case was filed by the Plaintiffs in New Mexico State District Court on January 14, 2010.  Defendants removed the case to Federal District Court on February 11, 2010.  The Plaintiffs do not object to the removal and believe that the Federal District Court does in fact have jurisdiction over the subject matter.  However, Plaintiffs wish to resolve the subject matter jurisdiction issue at the inception of this case to insure judicial economy and that the defense is not raised at some subsequent phase of the litigation, perhaps undermining all the prior work of the parties.

      The Jurisdictional issue stems from the United States Supreme Court's decision in *Williamson Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985).  In that case the Plaintiffs

prevailed at a 3-week trial, obtained a favorable jury verdict, and then saw their claim evaporate on a judgment notwithstanding the verdict.  The case made its way to the United States Supreme Court which then found that the claim was not ripe.  For about a decade, the **Williamson** decision regarding ripeness was deemed to be grounded in "case or controversy" requirements under U.S. Const. article III, § 2, cl. 1. and therefore was determinative of the fundamental subject matter jurisdiction of the federal courts on all "as applied" takings claims.  But the **Williamson** decision has come under considerable scrutiny since 1985 and it appears to have been reinterpreted as a discretionary non-jurisdictional rule.

## LEGAL ARGUMENT:

Subject matter jurisdiction with the Federal District Court is proper.  The claims raise federal Due Process issues under the United States Constitution, Equal Protection allegations under the United States Constitution and a claim for remedy under 42 U.S.C. § 1983.  Furthermore, the United States Supreme Court has declared that the Fifth Amendment to the United States Constitution is "self-executing" and requires the states to provide just compensation in the form of money damages for taking claims.  *First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304 (1987).  Therefore, this Court has subject matter jurisdiction.

However, there remains some doubt in the wake of *Williamson v. Hamilton Bank*, 473 U.S. 172 (1985), as to the impact of ripeness doctrine upon inverse condemnation claims in the federal courts.  **Williamson** created a two-prong test for whether a case may be decided by the federal courts.  The first prong requires that the applicant obtain a "final decision regarding the application of the regulations to the property at issue." *Id*. at 186.  Plaintiffs do not believe this prong is contested as the Defendants have issued a final decision pursuant to the requirements of Rule 1-074 NMRA under state law.

The second requirement is that the Plaintiff "seek compensation through the procedures the State has provided for doing so..." *Id*. at 194.  Specifically the **Williamson** court stated that "[i]f a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."[1] *Id*, at 195.  This was deemed a ripeness requirement as well. *Id*. at 194.  The **Williamson** court never expressly states that the ripeness requirement is jurisdictional and simply concluded that the "respondent's claim is premature" *Id*. at 200.

In **Williamson** the requirements were deemed essential for "ripeness" and the presumption was that the failure to meet the **Williamson** requirements were jurisdictional under the "case or controversy" provisions of the United States Constitution. *See*, *Cajon Production Corp. v. Petera*, 70 F.3d 1556 (10th Cir. 1995).  In the wake of the decision commentators noted that the effect of **Williamson** was actually not to impose a ripeness requirement at all because, if a Plaintiff does pursue a state remedy first, the state adjudication will have a *res judicata* effect on any subsequent federal claim.  Thus the real impact of the second prong requirement under **Williamson** is to actually preclude adjudication in federal court and it has been viewed as more properly characterized as neither and exhaustion nor a ripeness requirement but more accurately is a forum selection requirement.[2]  The Tenth Circuit has taken note of this issue without resolving it.  *Wilkinson v. Pitkin County Board of Co. Com*., 142 F.3d 1319, Fn4 (10th Cir 1998)

---

[1] Generally any state law remedy allowing compensation for inverse condemnation was deemed to provide this procedure.  But following *First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304 (1987), it became apparent that the federal constitutional requirement was being forcibly extended to the states and that the self-executing nature of the Fifth Amendment assured that all states must allow a monetary remedy even if a specific statutory procedure was not prescribed.

[2] For a full analysis of this issue in 1995 see Thomas E. Roberts, *Ripeness and Forum Selection in Fifth Amendment Takings Litigation*,  11 J. Land Use & Envt'l L. 37.

However in the intervening years the courts have reinterpreted the "ripeness" language of **Williamson** calling into question whether the requirements are jurisdictional and mandatory. First came *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, (1992).  In **Lucas** the United States Supreme Court considered a takings claim on the merits notwithstanding the fact that the ripeness issue in **Williamson** would normally be deemed a bar.  The court stated that " [w]e think these considerations [Williamson requirements] would preclude review had the South Carolina Supreme Court rested its judgment on ripeness grounds, as it was essentially invited to do by the Council."  *Lucas,* at  ____.  But since the state supreme court had ruled on the merits and not on ripeness the United States Supreme Court felt compelled to consider the case as presented.  In doing so the United States Supreme Court stated that the existence of a new law that would potentially allow for some new uses of the land "goes only to the prudential 'ripeness' of Lucas' challenge," *Id*. at 1013, implying that the **Williamson** requirement for ripeness is discretionary, not founded in Article III and therefore not jurisdictional.

The next decision to qualify **Williamson's** "ripeness" requirement was *Suitum v. Tahoe Regional Planning Agency*, 520 U.S. 725 (1997).  That court stated "[t]he only issue presented is whether Suitum's claim of a regulatory taking of her land in violation of the Fifth and Fourteenth Amendments is ready for judicial review under prudential ripeness principles" *Id*., at 733-734. The footnote following the quoted text is informative and states:

> [w]e have noted that ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.  *Reno* v. *Catholic Social Services, Inc.*, 509 U.S. 43, 57, n. 18 (1993). The agency does not question that Suitum properly presents a genuine case or controversy sufficient to satisfy Article III, but maintains only that Suitum's action fails to satisfy our prudential ripeness requirements." (internal quotations omitted)

However, **Suitum** was addressing only the first **Williamson** prong, finality of decision, and may or may not stand for the proposition that prudential ripeness applies in the context of the second prong regarding prior adjudication through a state inverse condemnation process.

The Tenth Circuit has no definitive decision on the application of **Lucas** and **Suitum** to the **Williamson** requirements.  They have held that determination of the amount of damages by the state court (in a direct condemnation proceeding) remain a ripeness bar under **Williamson**. *Willis v. BNSF Rwy*, 531 F.3d 1282 (10th Cir. 2008).  The finality requirement continues to be imposed as a "ripeness" requirement but without reference to **Suitum's** distinction between prudential and jurisdictional ripeness.  *Signature Prop Intern. v. City of Edmond*, 310 F.3d 1259 (10th Cir. 2002); *SK Finance SA v. La Plata County*, 126 F.3d 1272 (10th Cir. 1997).  As does the second prong, prior use of state remedies, *Bateman v. City of West Bountiful*, 89 F.3d 704 (10th Cir. 1996).  Some 10th Circuit *obiter dicta* does indicate that the court originally considered the **Williamson** requirements to be jurisdictional.  *Cajon Production Corp. v. Petera*, 70 F.3d 1556 (10th Cir. 1995) (Holding inverse condemnation to be ripe since the defendant had no condemnation authority to begin with but noting that "if Wyoming's inverse condemnation procedure were available to Plaintiffs, this action would not be ripe for consideration, and thus, we would lack jurisdiction over Plaintiffs' Taking Clause claim.)  *Id*. at 1575.  But the **Petera** case predated **Suitum** and did not squarely address the issue.  Another 10th Circuit decision, *Wilkinson v. Pitkin County Board of Co. Com*., 142 F.3d 1319 (10th Cir 1998), does discuss the application of **Williamson** and the requirement of prior adjudication of federal claims in state court.  *Id*. at ¶¶s17-23.  But the case holds that **Williamson** ripeness requirement does not preclude the *res judicata* effect of state court litigation and that Court admits that this poses unresolved problems for litigants seeking to have their claims heard in federal court. *Id*. at ¶23 and Fn. 4.

The 9th Circuit is ruminating on the precise issue at present.  They understand that Plaintiffs have frequently "accused *Williamson* of having effectively 'closed the federal courthouse doors' to litigants seeking to vindicate an important right embedded in the Fifth Amendment of the United States Constitution."  *Guggenheim v. City of Goleta*, No. 06-56306, Filed September 28, 2009  pp.13824-13830 (9th Cir.)  That court went on to state "the practical effect of *Williamson* is that plaintiffs alleging violations of the Takings Clause will almost never have the opportunity to litigate their federal claims in federal court." *Id*. at 13824.  The **Guggenheim** court initially went on to fully and informatively analyze the language of **Lucas** and **Suitum** regarding prudential rather than jurisdictional ripeness stating that **Williamson** is merely a "prudential requirement" *Id*. at13827, meaning that the ripeness of a case is to be determined on a claim-by-claim basis and that **Williamson** no longer serves as an absolute bar to subject matter jurisdiction under Article III ripeness doctrine. *Id*.

However, **Guggenheim** is not binding in the 9th or the 10th Circuits. On March 12, 2010 the Ninth Circuit entered an order "that this case be reheard en banc." and that "[t]he three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit." *Guggenheim v. City of Goleta*, 06-56306 (9thCir. 3-12-2010).  Clearly the law in this area is in flux and remains a point of contention at the appellate level.

Plaintiffs believe that the **Guggenheim** court's initial analysis of **Williamson** ripeness requirements are correct. By interpreting **Williamson** in the light of **Lucas** and **Suitum** as merely a "prudential" requirement, this Court would have subject matter jurisdiction and would only have to conclude that the final decision of the City of Las Vegas was ready and amenable to a single consolidated review in the federal court.  A contrary conclusion would require separate proceedings in state court of the condemnation claim and would not materially alter the analysis of the claims.   Therefore, this Court should determine that it has subject matter jurisdiction over

all the claims made by Plaintiffs.  However, if the Court deems the inverse condemnation claim

or any other claim in this matter to lack ripeness under Article III, or to be prudentially unfit for

decision, the Plaintiffs seek a determination on that point at this time.

WHEREFORE the Plaintiffs pray for a determination that this Court has subject matter

jurisdiction over the claims, that the matters in the complaint are ripe for decision and that the

case should proceed in federal court.  In the alternative, if the Court finds that the matters are not

ripe, the Plaintiffs pray that this Court remand the matter to State District Court for adjudication

on the merits.


_____/s/_____
Mark A. Basham
Basham & Basham, P.C.
2205 Miguel Chavez Rd.
Santa Fe, NM 87504


_____/s/_____
Tony Ortiz
Scheuer Yost & Patterson, P.C.
P.O.Box 9570
125 Lincoln Ave #223 87501
Santa Fe, NM 87504-9570

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of May, 2010, I filed the foregoing

electronically through the CM/ECF system, which caused the following parties

or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic

Filing listed below:

Plaintiff's attorney, Tony F. Ortiz, tfo@santafelawyers.com

_____/s/_____
Mark A. Basham
markbasham@qwest.net